**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| Kimberly Beasenburg, | ) | C/A NO.: |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Ultragenyx Pharmaceutical Inc., | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

In accordance with 28 U.S.C. § 1446, Defendant Ultragenyx Pharmaceutical, Inc. ("Defendant") hereby gives notice of the removal of the above-captioned matter from the Court of Common Pleas for the County of Charleston (Case No. 2022-CP-10-04574) to the United States District Court for the District of South Carolina.  This removal is based on the following grounds:

## BACKGROUND

1.      On or about September 30, 2022, Plaintiff Kimberley Beasenburg ("Plaintiff") filed a Complaint against Defendant in the Court of Common Pleas, County of Charleston, State of South Carolina. A copy of Plaintiff's Summons and Complaint is attached hereto as Exhibit A.

2.      Defendant accepted service of the Summons and Complaint by way of an Acceptance of Service dated October 14, 2022.

3.      Accordingly, this Notice of Removal is timely filed within the thirty-day period provided by 28 U.S.C. § 1446(b).

4.      The United States District Court for the District of South Carolina, Charleston Division, is the federal judicial district embracing the Charleston County Court of Common Pleas,

where this action was originally filed.  Therefore, venue is proper in this Court under 28 U.S.C. § 1441(a).

5.      Pursuant to 28 U.S.C. § 1446(d), Defendant is concurrently filing a Notice to State Court of Removal to Federal Court with the Clerk of Court for the Charleston County Court of Common Pleas.

6.      Pursuant to 28 U.S.C. § 1446(d), Defendant is concurrently serving Plaintiff with a copy of this Notice of Removal and a copy of the Notice to State Court of Removal to Federal Court.

7.      As explained below, this Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331, and this action may be removed to this Court under 28 U.S.C. § 1441(a).

8.      This Court also has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332, and this action may be removed to this Court under 28 U.S.C. § 1441(a) and (b).

## FEDERAL QUESTION JURISDICTION

9.      This action is properly removable under 28 U.S.C. § 1441(a), because the United States District Court has original jurisdiction pursuant to 28 U.S.C. § 1331, which provides that "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

10.     Plaintiff's Complaint alleges causes of action for religious discrimination, retaliation, and hostile work environment in violation of Title VII of the Civil Rights Act of 1964.

11.     By asserting claims under federal law, specifically, Title VII, Plaintiff's Complaint asserts a federal question under 28 U.S.C. §1331.  Accordingly, this case is properly removable under 28 U.S.C. § 1441(a).

## DIVERSITY OF CITIZENSHIP

12.     This controversy exists between citizens of different states.  The complete diversity of citizenship between the parties existed as of the date of filing the Complaint and as of the date of this Notice of Removal.

13.     Plaintiff avers she is a resident and citizen of Charleston County, South Carolina (Compl. ¶ 1.)

14.     Defendant is a Delaware corporation with its principal place of business in Novato, California.

15.     Because Defendant is not a citizen of South Carolina and because Plaintiff is a citizen of South Carolina, there is complete diversity between the parties under 28 U.S.C. § 1332(a).

## AMOUNT IN CONTROVERSY

16.     In removal actions, a defendant need only allege a short and plain statement establishing the amount in controversy.  *See Mattison v. Wal-Mart Stores, Inc.*, No. 10-1739, 2011 WL 494395, at *2-3 (D.S.C. Feb. 4, 2011) (citing *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008)) (holding that a defendant's obligations regarding establishing the jurisdictional amount is essentially the same as plaintiff's jurisdictional pleading standards in a complaint). This Court has made clear that "[t]he amount in controversy is determined by

considering the judgment that would be entered if [plaintiff] prevailed on the merits of the case as it stands at the time of removal." *Id.*; *see also See Brailsford v. Fresenius Med. Ctr. CAN Kidney Ctrs. LLC*, No. 2:15-cv-04012-DCN, 2017 WL 1214337, at *4 (D.S.C. April 3, 2017) (citation omitted) ("The amount in controversy is determined by considering the judgment that would be entered if [plaintiff] prevailed on the merits of the case as it stands at the time of removal."). "According to the United States Supreme Court, where both actual and punitive damages are allegedly recoverable under a complaint, 'each must be considered to the extent claimed in determining jurisdictional amount.'" *Id.* (quoting *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943)); *see also Meadows v. Nationwide Mut. Ins. Co.*, No. 1:14-cv-04531-JMC, 2015 WL 3490062, at *2 (D.S.C. June 3, 2015) ("Where the plaintiff has alleged an indeterminate amount of damages, courts may consider the plaintiff's claims, as alleged in the complaint, the notice of removal filed with a federal court, and other relevant materials in the record.)

17.    Based upon the allegations in the Complaint and Plaintiff's prayer for relief, Defendant avers that the amount in controversy in this case exceeds $75,000, exclusive of interest and costs. Further allegations supporting the amount in controversy are below.

18.    Plaintiff filed a 3-count Complaint seeking damages based on religious discrimination, retaliation, and hostile work environment. (Compl. ¶¶ 78-114.) With respect to Plaintiff's Religious Discrimination claim, Plaintiff claims she "(a) Suffered severe emotional distress; (b) Suffered lost wages and benefits; (c) Suffered future lost wages and benefits; (d) Incurred attorney's fees and costs of this action." (Compl. ¶ 89.) With respect to Plaintiff's Retaliation claim, Plaintiff claims she suffered "irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity, and other intangible injuries for all of which he

should be compensated. Including, future losses related to refusals to provide appropriate raises and positions." (Compl. ¶ 101.) With respect to her Hostile Work Environment claim, Plaintiff also alleges she "suffered severe emotional distress." (Compl. ¶ 110.)  In her Complaint, Plaintiff alleges she is entitled to Plaintiff is entitled to "actual, compensatory, consequential, and punitive damages from the Defendant for their actions." (Compl. ¶ 114.) More specifically, Plaintiff seeks damages for lost wages, future lost wages, lost benefits, future lost benefits, compensatory and consequential damages, all damages available to the plaintiff damages against the defendant, attorneys' fees and costs, and all damages available to the Plaintiff pursuant to State and Federal Law. (Prayer for Relief at C-G.)

19.    Plaintiff does not aver a specific amount or range of damages in the Complaint, but a fair reading of the claims in the Complaint and the other relevant materials provided with this Notice make clear that Plaintiff seeks damages in excess of $75,000. Notably, Plaintiff is seeking, among other things, compensatory damages under Title VII, up to a capped amount of $300,000. 42 U.S.C. § 1981a(b)(3).

20.    In addition to actual damages, Plaintiff's claims for punitive damages may "be included in determining whether [s]he has satisfied the amount in controversy requirement." *Gordon v. Nat'l Bus. Consultants, Inc.*, No. 87-2676, 1988 WL 86618, at *1 (4th Cir. Aug. 19, 1988) (citing 14A Wright, Miller & Cooper *Federal Practice and Procedure*, § 3702 at 44 (1985)). Based on the Complaint, it is appropriate and reasonable to anticipate that there is more than $75,000 in controversy based on Plaintiff's punitive damages request alone.  Indeed, Plaintiff's "request for punitive damages alone, which are properly considered for purposes of determining the amount in controversy, makes it difficult for [Plaintiff] to prove she could not possibly recover the jurisdictional limit were she to prevail at trial." *Mattison,* 2011 WL 494395, at *3*; see also*

*Woodward v. Newcourt Comm. Fin. Corp.*, 60 F. Supp. 2d 530, 532 (D.S.C. 1999) ("[Plaintiff's] claim for punitive damages alone makes it virtually impossible to say that the claim is for less than the jurisdictional amount.").

21.    Additionally, Plaintiff seeks unspecified consequential damages, attorney fees, and costs, which further increases the amount in controversy beyond $75,000. (Prayer for Relief at F.) *See Meadows,* 2015 WL 3490062, at *2 ("Courts include . . . attorney fees and costs in assessing whether the amount in controversy is satisfied to establish diversity jurisdiction."); *Mattison*, 2011 WL 494395, at *2 ("This court has also taken the same approach regarding consequential damages and attorney fees and costs [in including such into the amount in controversy].").

22.    While Defendant denies the validity of Plaintiff's claim and requested relief, the plea for damages in Plaintiff's Complaint and the other materials attached hereto establish that there is "a legal certainty, or, at least, [it is] within a reasonable probability that Plaintiff's claims exceed[] $75,000.00 upon removal . . . ." *Meadows*, at *5.

23.    Based on the cited case law, the allegations in the Complaint, and Plaintiff's prayer for relief, the amount in controversy exceeds $75,000, and this action could have originally been brought before this Court pursuant to 28 U.S.C. § 1332 and may be removed by Defendant pursuant to 28 U.S.C. § 1441(a) and (b).

## LOCAL CIVIL RULE REQUIREMENTS

24.    Defendant has complied with the requirements of Rules 83.IV.01 and 83.IV.02 of the Local Civil Rules of the United States District Court for the District of South Carolina.

25.    Defendant has also complied with Local Civil Rule 26.01 by filing its Answers to Local Civil Rule 26.01 Interrogatories simultaneously with this Notice of Removal.

WHEREFORE, Defendant hereby respectfully removes this action to this Honorable Court.

Respectfully submitted this 11th day of November 2022.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

s/Michael Oliver Eckard
Michael Oliver Eckard (Fed. ID #12055)
211 King Street, Suite 200
Charleston, SC  29401
Phone:  843.853.1300
Facsimile:  843.853.9992
michael.eckard@ogletree.com

*Attorney for Defendant*

53596291.v2-OGLETREE