UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Kimberly Beasenburg, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 2:22-cv-4022-BHH |
| v. ) | |
| ) | **ORDER** |
| Ultragenyx Pharmaceutical, Inc., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court upon Plaintiff Kimberly Beasenburg's ("Plaintiff") complaint, which alleges that Defendant Ultragenyx Pharmaceutical, Inc. ("Defendant") discriminated against her because of her religion, created a hostile work environment, and retaliated against her for her complaints about religious discrimination, all in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). (ECF No. 1-1.) On November 18, 2022, Defendant filed a motion to dismiss, or in alternative, to compel arbitration. (ECF No. 8.) Plaintiff filed a response in opposition, and Defendant filed a reply. (ECF Nos. 14 and 15.)

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary review. On February 13, 2023, Magistrate Judge Jacquelyn D. Austin issued a report and recommendation ("Report"), outlining the issues and recommending that the Court grant Defendant's motion, compel arbitration, and dismiss this action. (ECF No. 17.) Plaintiff filed objections to the Magistrate Judge's Report, and Defendant filed a response to Plaintiff's objections. (ECF Nos. 18 and 19.) For the reasons set forth herein, the Court overrules Plaintiff's objections and adopts in full the Magistrate Judge's Report, thereby granting Defendant's motion, compelling arbitration, and dismissing this action.

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

**DISCUSSION**

As an initial matter, the Court notes that the Magistrate Judge included a thorough and accurate outline of the relevant background facts, and no party has objected to this portion of the Report. After review, the Court finds no clear error and adopts the Report's procedural history and background, repeating herein only the facts necessary to evaluate Plaintiff's objections.

In her Report, the Magistrate Judge carefully outlined the law that applies to Defendant's motion to compel arbitration, explaining that the Federal Arbitration Act ("FAA") provides that arbitration clauses in contracts involving interstate commerce "shall

2

be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. As the Magistrate Judge further explained, a district court must compel arbitration under the FAA and stay court proceedings if the parties have agreed to arbitrate their dispute. *Id. §§ 2*, 3. But, if the validity of the arbitration agreement is in issue, a district court must first decide if the arbitration clause is enforceable against the parties. *Id.* § 4. "'[A]s a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.'" *Drews Distrib., Inc. v. Silicon Gaming, Inc.*, 245 F.3d 347, 349 (4th Cir. 2001) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983)). Furthermore, although federal law governs the arbitrability of disputes, ordinary state-law principles resolve issues regarding the formation of contracts. *Am. Gen. Life & Acc. Ins. Co. v. Wood*, 429 F.3d 83, 87 (4th Cir. 2005).

As the Magistrate Judge also explained, a party seeking to compel arbitration must establish the following four elements: (1) the existence of a dispute between the parties; (2) a written agreement that includes an arbitration provision purporting to cover the dispute; (3) the relationship of the transaction, as evidenced by the agreement, to interstate or foreign commerce; and (4) the failure, neglect, or refusal of a party to arbitrate the dispute. *Am. Gen. Life & Accident Ins. Co. v. Wood*, 429 F.3d 83, 87 (4th Cir. 2005); *see also Whiteside v. Teltech Corp.*, 940 F.2d 99, 102 (4th Cir.1991); *Energy Absorption Sys. v. Carsonite Int'l*, 377 F. Supp. 2d 501, 504 (D.S.C. 2005). "Motions to compel arbitration in which the parties dispute the validity of the arbitration agreement are treated as motions for summary judgment." *Rose v. New Day Fin., LLC*, 816 F. Supp. 2d 245, 251 (D. Md.

2011). "Accordingly, arbitration should be compelled where 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Erichsen v. RBC Cap. Mkts., LLC*, 883 F. Supp. 2d 562, 566-67 (E.D.N.C. 2012) (quoting Fed. R. Civ. P. 56). "Defendant, as the party seeking to enforce the Agreement, bears the initial burden of 'persuading this court that the parties entered into an enforceable arbitration agreement.'" *Gordon v. TBC Retail Grp., Inc.*, No. 2:14-cv-03365-DCN, 2016 WL 4247738, at *5 (D.S.C. Aug. 11, 2016). "If defendant makes such a showing, then 'the burden shifts to the plaintiff[s] to show that even though there was some written contract, [they] did not actually agree to it-because the[ir] signature was forged, the terms of the contract were misrepresented, or some other reason evincing lack of true agreement." *Id.*

The Magistrate Judge next explained the law that applies to Defendant's motion to stay or dismiss, explaining that, pursuant to the FAA, a court must stay "any suit or proceeding" pending arbitration of "any issue referable to arbitration under an agreement in writing for such arbitration." (9 U.S.C. § 3.) Nevertheless, as the Magistrate Judge outlined, the Fourth Circuit has held that if all of the claims asserted in a complaint are subject to arbitration, then dismissal of the complaint is also "an appropriate remedy." (See ECF No. 17 at 11 (outlining the applicable law); *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709-10 (4th Cir. 2001).

After outlining the applicable law, the Magistrate Judge considered the specific arguments raised by Defendant in its motion as well as the arguments raised by Plaintiff in response to Defendant's motion. With respect to Plaintiff's arguments, the Magistrate Judge noted that "Plaintiff's arguments are cursory and not clearly set forth in her brief."

4

(ECF No. 17 at 12 n. 2.)  Nevertheless, the Magistrate Judge proceeded to carefully and painstakingly consider each of Plaintiff's arguments in light of the applicable law, ultimately finding, *inter alia*: (1) that Defendant satisfied its burden of showing that Plaintiff signed an arbitration agreement ("the agreement") that requires arbitration of any and all legal disputes arising from Plaintiff's employment or termination from employment; (2) that the arbitration agreement was "agreed upon," and that Plaintiff failed to demonstrate any basis for finding that she did not consent to arbitrate her claims or that she did not sign the agreement; (3) that the agreement is not unenforceable because it was offered as a condition of her employment; (4) that the agreement is supported by valid consideration; (5) that the agreement is not illusory; (6) that the agreement is not overly broad; (7) that the enforceability of the agreement is not governed by California law; (8) that the discovery limitations in the agreement are not grounds for finding the agreement unconscionable; (9) that the agreement was a separate, clearly and conspicuously marked document and that Plaintiff has offered no support to rebut the evidence submitted by Defendant to support her contention that she did not have access to the document, did not have a chance to review it, and was not given a copy of it; (10) that the agreement was not unilateral; (11) that the agreement clearly sets forth the applicable rules and procedures to be followed and is not unconscionable for any of the following reasons: because it refers to the JAMS rules; because it could require the payment of filing fees of up to $1,750.00; or because it limits the selection of an arbitrator; (12) that the agreement is susceptible of an interpretation that covers Plaintiff's claims; and (13) that the agreement relates to interstate commerce and is subject to the FAA.  (*See* ECF No. 17 at 15-33.)

Based on the above findings, the Magistrate Judge recommended that the Court

5

find the arbitration agreement valid and enforceable under the FAA and general contract law principles, and that the Court grant Defendant's motion to compel arbitration. The Magistrate Judge also recommended that the Court dismiss this action without prejudice because all of the claims asserted fall within the scope of the agreement.

In her objections to the Magistrate Judge's Report, Plaintiff effectively raises the same arguments she raised in response to Defendant's motion–all of which the Magistrate Judge carefully considered and rejected in the Report, as set forth above. Importantly, Plaintiff cites scant legal authority and points to no factual support in the record to support her rehashed arguments. As a first objection, for example, Plaintiff states that the Magistrate Judge failed to consider her argument "regarding the agreement not being enforceable pursuant to the Federal Arbitration Act or Contract Principals [sic]." The Court finds no merit to this objection, as the Magistrate Judge did consider Plaintiff's arguments as to the enforceability of the agreement under the FAA and state contract law principles.

Next, as a second objection, Plaintiff asserts that the agreement is unenforceable for "several other reasons that the Court has failed and refused to consider." (ECF No. 18 at 4.) One such argument, Plaintiff asserts, is that there was "no meeting of the minds," presumably based on the assertion in her fifth objection that "Plaintiff did not sign the document." (*Id.* at 5.) First, it is clear to this Court that the Magistrate Judge did consider whether there was a meeting of the minds, ultimately finding that, based on the uncontroverted evidence before the Court, the "signed Agreement clearly and unambiguously provides that the parties *mutually agreed* 'to the resolution by arbitration of all claims or controversies ("claims"), past, present or future, whether or not arising out of [Plaintiff's] employment (or its termination).'" (*Id.* at 13 (quoting ECF No. 8-2 at 17)

(emphasis added).) Second, Plaintiff completely undercuts her argument that she "did not sign the document" when she states in her third objection, "that if the Plaintiff had been aware of *what she was signing she would never have signed the document*." (ECF No. 18 at 4.) Likewise, with respect to Plaintiff's assertion that she "did not agree to the terms and conditions and was never provided with a copy," the evidence of record clearly establishes that Plaintiff accessed the agreement during the onboarding process and signed the agreement using an electronic signature, which "has the same force and effect as a signature in writing," and Plaintiff offers no evidence to support her entirely conclusory assertions. (*Id.*) *Lampo v. Amedisys Holding, LLC*, 877 S.E.2d 486, 490 (S.C. Ct. App. 2022) (citing S.C. Code Ann § 26-6-70 (2007)); *Jenkins v. CitiFinancial, Inc.*, No. 2:05-cv-1199-PMD-GCK, 2007 WL 9753133, at *6 (D.S.C. Jan. 16, 2007) ("Under South Carolina law, one entering into a written contract should read it and avail himself of every reasonable opportunity to understand its contents and meaning."); *Smalls v. Credit Acceptance Corp.*, No. 9:16-cv-01954-DCN, 2017 WL 11316417, at *6 (D.S.C. Sept. 25, 2017) ("The fact that [the plaintiffs] allegedly did not have time to read and understand the agreement does not render it invalid or non-binding."); *Marchant v. Maxim Healthcare Servs., Inc.*, 2018 WL 5793595, at *2 (D.S.C. Nov. 5, 2018) ("Plaintiff has not presented any non-conclusory allegations or evidence that she did not have the opportunity to read or review the document."). Moreover, Plaintiff has offered no evidence to show that she was "not permitted to go back and review" the document. To the contrary, the evidence shows that the agreement was available for Plaintiff to view and download at any time. (ECF No. 8-2 at 5; see also ECF No. 17 at 15-17.) For the above reasons, the Court

therefore finds Plaintiff's first, second, third, and fifth objections unavailing.

As a fourth objection, Plaintiff rehashes her argument that the agreement is unconscionable because it only allows for limited discovery and limits the arbitration to JAMS which has no local arbitrator. (ECF No. 18 at 4.) The Magistrate Judge considered these issues at length in her Report, and after *de novo* review, the Court finds no error in the Magistrate Judge's analysis.

First, as the Magistrate Judge explained, "it is well settled that the discovery limitations provided in arbitration agreements are not grounds for unconscionability." *GGNSC Morgantown, LLC v. Phillips*, 2014 WL 5449674 at *6 (N.D.W.Va. Oct. 24, 2014), (citing *Brown v. CMH Mfg., Inc.*, No. 2:12-31404, 2014 WL 4298332, at *8 (S.D.W.Va. Aug. 29, 2014) ("'Limited discovery rights are the hallmark of arbitration . . . . The fact that an arbitration may limit a party's discovery rights is not 'substantive unconscionability.' If it were, every arbitration clause would be subject to an unconscionability challenge on that ground.'") (quoting *West Virginia ex rel. Ocwen Loan Servicing, LLC v. Webster*, 752 S.E.2d 372, 398 (W.Va.2013)); *see also Lucey v. Meyer*, 736 S.E.2d 274, 285 (S.C. Ct. App. 2012) (emphasis added).

Here, the agreement provides:

> Each party shall have the right to take depositions of three fact witnesses and any expert witness designated by another party. Each party also shall have the right to make requests for production of documents consisting of up to 25 individual categories of requested documents in total to any party, and to subpoena documents from third parties. Requests for additional depositions or discovery may be made to the Arbitrator selected pursuant to this Agreement. The Arbitrator may grant such additional discovery if the Arbitrator finds that the party has demonstrated that it needs that discovery to adequately arbitrate the claim, taking into account the parties' mutual desire to have a speedy, less-formal, and cost-effective dispute-resolution mechanism.

(ECF No. 8-2 at 18.) (emphases added). Thus, the agreement clearly imposes the same discovery restraints upon both parties, and the Court agrees with the Magistrate Judge that the agreement is not unconscionable because it limits discovery.

Next, as to Plaintiff's assertion that the agreement is unconscionable because it provides that arbitration will be conducted through Judicial Arbitration & Mediation Services (JAMS), the Magistrate Judge properly explained that courts have readily found arbitration agreements that incorporate JAMS rules and procedures, such as agreement at issue, to be enforceable and valid. *Hamlin v. Dollar Tree Stores, Inc.*, No. 2:17-cv-2648-PMD, 2017 WL 6034325, at *3 (D.S.C. Dec. 6, 2017) (discussing JAMS rules and procedures and concluding "that the arbitration agreement [was] not unconscionable"); *see also Stinger v. Fort Lincoln Cemetery, LLC*, No. 21-1460, 2022 WL 2702424, at *1 (4th Cir. July 12, 2022). As the Magistrate Judge also explained, the agreement provides alternative options for the selection of an arbitrator. For these reasons, the Court finds no merit to Plaintiff's fourth objection.

In objection number six, Plaintiff relies on language from the employee handbook that states: "Nothing in this Handbook, or any other personnel document, including benefit plan descriptions, creates or is intended to create a contract, promise, or representation of continued employment for any employee." (ECF No. 18 at 5.) According to Plaintiff, this language indicates that the agreement is not a contract; however, the Court finds no merit to this objection. As the Magistrate Judge properly noted, Plaintiff's own statements support the conclusion that the agreement was a separate stand-alone document upon which the employee handbook has no bearing. (*See* ECF No. 17 at 18-19, n.6.) *See also Ratliff v. CoStar Realty Info., Inc.*, No. 11-cv-0813, 2011 WL 2680585, at *4 (D. Md. July

9

7, 2011) (finding that an arbitration agreement was not affected by the employer's "unilateral ability to change or revoke the policies set forth in its employee handbook" because the agreement was a separate document and the court "must limit its search for supporting consideration to its four corners"). After *de novo* review, therefore, the Court overrules Plaintiff's sixth objection.

In her seventh enumerated objection, Plaintiff argues that the Magistrate Judge improperly dismissed her argument that there was a lack of consideration and "merely set forth that the agreement is mutually binding." (ECF No. 18 at 5.) According to Plaintiff, the Magistrate Judge "blatantly ignores the fact that the Defendant can amend the agreement at any time." (*Id.* at 5-6.) The Court is not persuaded by Plaintiff's argument. First, the Magistrate Judge clearly considered this argument, explaining that "Plaintiff has not cited to any language in the Agreement–and the Court is unable to find any–that gives Defendant the unilateral right to alter, amend, modify, or revoke the Agreement at any time." (ECF No. 17 at 18.) Moreover, after *de novo* review, the Court agrees with the Magistrate Judge and finds no evidence to support Plaintiff's claim that "Defendant can amend the agreement at any time." (ECF No. 18 at 6.) Thus, Plaintiff's seventh objection is overruled..

In her eighth enumerated objection, Plaintiff argues that Defendant is headquartered in California, and that California has found the agreement unenforceable. (*Id.* at 6.) As the Magistrate Judge properly explained, however, the agreement is *not* governed by California law. (ECF No. 17 at 20.) Rather, the FAA applies to this dispute for the reasons set forth by the Magistrate Judge, and even if the FAA did not apply, South Carolina law

would govern, as it is the state in which Plaintiff last worked for Defendant. (*See* ECF No. 8-2 at 17.) Therefore, the Court overrules Plaintiff's eighth objection.[1]

The Court also overrules Plaintiff's tenth objection, wherein she asserts that Defendant's motion should be made pursuant to Rule 12(b)(3). As set forth above, because Plaintiff disputes the validity of the arbitration agreement, the Court treats Defendant's motion to compel arbitration as a motion for summary judgment and considers whether Defendant has shown that there is no genuine dispute as to any material fact. *Rose v. New Day Fin., LLC*, 816 F. Supp. 2d 245, 251 (D. Md. 2011); *Erichsen v. RBC Cap. Mkts., LLC*, 883 F. Supp. 2d 562, 566-67 (E.D.N.C. 2012) (quoting Fed. R. Civ. P. 56). Furthermore, with respect to Defendant's motion to dismiss, rather than stay, this action, the Fourth Circuit has determined that dismissal of a case is appropriate when a court has determined that all of the claims are subject to arbitration. *Felix v. Richard D. London & Assocs., P.C.*, Civil Action No. GLR-19-2795, 2020 U.S. Dist. LEXIS 153209 (D. Md. Aug. 24, 2020) (quoting *Bey v. Midland Credit Mgmt., Inc.*, No. GJH-15-1329, 2016 WL 1226648, at *5 (D. Md. Mar. 23, 2016).

In objection number eleven, Plaintiff argues that the Magistrate Judge ignored Plaintiff's argument "regarding procedural unfairness merely stating that the plaintiff may be responsible for the $1750.00." (ECF No. 18 at 7.) However, the Court finds that the Magistrate Judge properly addressed this issue, outlining the provision in the agreement considering costs and fees and explaining that "[t]he Agreement's delineation of costs and fees is not unfair so as to render the Agreement unconscionable," insofar as the "costs to

---

[1] Plaintiff's ninth objection appears to be a typographical error as it merely includes the letter "T."

arbitrate her claims, not counting her own attorneys' fees, would be no more than if she were to pursue her claims in court." (ECF No. 17 at 27.) Furthermore, as the Magistrate Judge also noted, the agreement provides that Plaintiff might be able to proceed without payment of her portion of the filing fee if she is able to demonstrate a financial hardship. (*Id.* at 27-28.) After *de novo* review, therefore, the Court finds no merit to Plaintiff's eleventh objection.

Next, Plaintiff asserts in objection number twelve that the Magistrate Judge found "that the Agreement 'purports to cover the Plaintiff's claims' with no significant analysis." (ECF No. 18 at 7.) The Court finds no merit to this argument. First, the Report includes more than sufficient analysis of this issue. (*See* ECF No. 17 at 29.) Second, after *de novo* review, the Court finds it without question that the parties' agreement is susceptible of an interpretation that covers all of Plaintiff's claims.[2] (ECF No 8-2 at 17.) *See Mey v. DIRECTV, LLC*, 971 F.3d 284, 292, 294 (4th Cir. 2020) (quotation marks and citation omitted) (reversing a district court's decision that the disputed claims fell outside the scope of the agreement and finding "[i]n light of the expansive text of the arbitration agreement, the categories of claims it specifically includes, and the parties' instruction to interpret its provisions broadly, we must conclude that it is '"susceptible of an interpretation"' that covers [the plaintiff's] claims."). In summary, the Court finds that the agreement clearly covers Plaintiff's claims, the nature of which are included in the agreement's list of

---

[2] Not only does the agreement state that it covers "any claims past, present, or future, whether or not arising out of employment or its termination," but also the agreement sets forth a list of arbitrable claims, including, for example, "claims for wages, bonuses, or other compensation due; claims for breach of any contract or covenant (express or implied); tort claims; claims for discrimination (including, but not limited to, race, sex, sexual orientation, religion, national origin, age, marital status, military or veterans status, physical or mental disability or handicap, or medical condition), harassment or retaliation; . . . ." (ECF No 8-2 at 17.)

arbitrable claims, and the Court also agrees with the Magistrate Judge that the agreement is not overly broad merely because it purports to cover "any claims past, present, or future, whether or not arising out of employment or its termination." Therefore, the Court overrules Plaintiff's twelfth objection.

As her final two objections, Plaintiff alleges that the Magistrate Judge ignored "conflicting documents regarding when and if Plaintiff signed off on the document presented as the arbitration agreement." (ECF No. 18 at 7.) Specifically, Plaintiff refers to her statement that she was not afforded time to review the agreement and did not know she signed it until she filed this suit, and Plaintiff states that the agreement should not be enforced because Defendant "intentionally hid the document and failed and refused to explain it." (*Id.*)

After review, the Court again finds no merit to Plaintiff's arguments. As set forth above, the evidence of record shows that Plaintiff viewed and signed the document and that it was available for her to download at any time, contrary to her conclusory assertions otherwise. Furthermore, the Magistrate Judge specifically considered and rejected Plaintiff's argument that she was not afforded time to review the document and was not aware she had signed it, and the Court agrees with the Magistrate Judge's thorough and careful analysis. (*See* ECF No. 17 at 15-16, n. 4.) Accordingly, objections thirteen and fourteen are overruled.

Lastly, having found that the parties' agreement is valid and that all of Plaintiff's claims are subject to arbitration (both for the reasons set forth in the Report and the reasons set forth herein), the Court finds if appropriate to dismiss this action without prejudice. *See Cox v. Assisted Living Concepts, Inc.*, No. 6:13-cv-00747-JMC, 2014 WL

1094394, at *7 (D.S.C. Mar. 18, 2014); *Fleetwood Transp. Corp. v. Packaging Corp. of Am.*, No. 6:10-cv1219-JMC, 2012 WL 761737, at *5 (D.S.C. Mar. 8, 2012); *Thomas v. Santander Consumer USA Inc.*, No. 0:15-cv-04980-CMC-PJG, 2016 WL 5956279, at *4 (D.S.C. Oct. 14, 2016) ("Dismissal is appropriate when, as here, all claims fall within the scope of an enforceable arbitration provision"); *Patterson v. Asbury SC Lex, L.L.C.*, No. 6:16-cv-1666-MGL, 2016 WL 7474377, at *4 (D.S.C. Dec. 29, 2016) (compelling arbitration and dismissing case where the "only issue in Plaintiff's suit is arbitrable").

## CONCLUSION

Based on the foregoing, the Court hereby **adopts and specifically incorporates the Magistrate Judge's Report (ECF No. 17)**; the Court overrules Plaintiff's objections (ECF No. 18); and the Court **grants Defendant's motion (ECF No. 8), thereby compelling the parties to arbitrate and dismissing this action without prejudice.**

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

September 15, 2023
Charleston, South Carolina